Dear Mr. McCormick:
You advise that The Louisiana State Board of Examiners of Psychologists (the LSBEP) is processing an applicant for licensure who was convicted in October of 2000 in another state of "interstate comm. w/intent to commit sex abuse of minor". His license was suspended in the state of conviction in September of 2001. He was incarcerated for two years until April 15, 2002, completing his probation on April 14, 2005. He now seeks licensure by the LSBEP.
The Board may deny a license to an applicant who has been convicted of a felony or where the applicant has been suspended from the practice of psychology in another jurisdiction. R.S. 37:2359(B)(3) and (9) provide:
 B. The board shall have the power and duty to suspend, place on probation, require remediation for a specified time, revoke any license to practice psychology, or take any other action specified in the rules and regulations whenever the board, by affirmative vote of at least four of its five members, shall finds a preponderance of the evidence that a psychologist has engaged in any of the following acts or offenses:
 * * * (3) Conviction of a felony. A copy of the record of conviction, certified by the clerk of court entering the conviction, shall be conclusive evidence.
 * * * (9) The suspension or revocation by another state of a license to practice psychology. A certified copy of the record of suspension or revocation of the state making such a suspension or revocation shall be conclusive evidence thereof.
The provisions of R.S. 37:2359(D) and (F) reflect that the Board may deny licensure for the foregoing cited reasons for a time period not to exceed two years. R.S. 37:2359(D) and (F) state:
 D. The board may deny or withhold for a specified time not to exceed two years the granting of a license to any applicant or candidate who has committed any of the acts or offenses set forth in Subsection B.
 * * * F. A person who has been refused a license, or whose license has been revoked, under the provisions of this Section, may reapply for licensure after more than two years have elapsed from the date such denial or revocation is legally effective.
However, state law requires the Board must disqualify from licensure an applicant who has been convicted of a felony where such conviction directly relates to the position of employment sought. R.S. 37:2950
states:
 § 2950. Felony convictions' effect on trade, occupational, and professional licensing
 A. Notwithstanding any other provisions of law to the contrary, a person shall not be disqualified, or held ineligible to practice or engage in any trade, occupation, or profession for which a license, permit or certificate is required to be issued by the state of Louisiana or any of its agencies or political subdivisions, solely because of a prior criminal record, except in cases in which the applicant has been convicted of a felony, and such conviction directly relates to the position of employment sought, or to the specific occupation, trade or profession for which the license, permit or certificate is sought. (Emphasis added).
 B. Any decision which prohibits an applicant from engaging in the occupation, trade or profession for which the license, permit or certificate is sought, which is based in whole or in part on conviction of any crime, as described in Subsection A, shall explicitly state in writing the reasons for the decision.
 C. Any complaints concerning violations of this Section shall be adjudicated in accordance with procedures set forth in administrative and judicial review, contained in Title 49 of the Louisiana Revised Statutes of 1950.
The use of the word "shall" in R.S. 37:2950 is mandatory as provided in LSA-R.S. 1:3:
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the word "may" is permissive. (Emphasis added).
The LSBEP has no discretion regarding the denial of licensure to this applicant where the Board determines that the applicant was convicted ofa felony offense which is directly related to the practice ofpsychology. This is a determination for the Board to make; however, once made, it becomes the obligation of the Board to deny licensure to the applicant.
R.S. 37:2950 was enacted by the legislature "not as punishment for crime but to promote policies of protection for the public". SeeMalone v. Shyne, 936 So.2d 1279 (La.App. 2nd Cir. 2006).
Despite the provisions of R.S. 37:2359, pursuant to R.S. 37:2950 the Board must deny this applicant licensure if the Board determines that his conviction is directly related to the practice of psychology.
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:_______________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg